UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID R. MYRLAND,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES,<br>U.S. DEPT. OF JUSTICE,<br>ERIC HOLDER, and<br>SCOTT FISHER,<br><br>        Respondents. | Civil No. 13-644 (PJS/TNL)<br><br>**REPORT AND RECOMMENDATION** |

      The above-named Petitioner, David R. Myrland, commenced this action by filing an anomalous pleading entitled "CIVIL ACTION for writ of habeas corpus and other relief. VERIFIED COMPLAINT." (Docket No. 1.) Petitioner's pleading was accompanied by a cover letter, which indicates that he is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Furthermore, Petitioner tendered a filing fee of $5.00, which is the proper filing fee only for a habeas corpus petition. 28 U.S.C. § 1914(a); *cf. id.* (listing $350.00 as the filing fee for a civil complaint). Therefore, Petitioner's current pleading must be viewed as a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      This matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District

Courts.[1]

I.    BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a sentence that was imposed by the United States District Court for the Western District of Washington. Petitioner's sentence was imposed in a criminal case identified as United States v. Myrland, #2:11-cr-0057-RSM, [hereafter "11-cr-57"]. (Petition, p. 9.) The trial court record for 11-cr-57 is accessible to this Court by means of the computerized record-keeping procedures maintained by the federal judiciary, known as "Case Management/Electronic Case Filing" ("CM/ECF").

The record in 11-cr-57 shows that Petitioner was charged with violating 18 U.S.C. § 875© for allegedly making a threat against the Mayor of Kirkland, Washington.[2] Petitioner pled guilty to that charge and then received the prison sentence that he is presently serving. Petitioner's conviction and sentence were later affirmed on direct appeal. (See 11-cr-57, [Docket No. 68].)

Petitioner's primary objectives in this case are two-fold. First, he contends that he was wrongly convicted in 11-cr-57, and he seeks a judgment that would vacate his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270 n.1 (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558, 1990 WL 171789, at *3 (N.D. Ill. Nov. 1, 1990).

[2] Petitioner sent an e-mail message to the Mayor indicating that 50 "heavily armed" citizens would enter her home and arrest her. (See Petition, pp. 11-12.)

conviction and sentence in that case. Second, he contends that the acts that caused him to be charged and convicted in 11-cr-57 were, in fact, fully legal, and he seeks a declaratory judgment that would confirm his legal right to commit similar acts in the future without fear of criminal prosecution. None of the relief that Petitioner is seeking, however, can be granted in the current habeas corpus proceeding.

## II. DISCUSSION

### A. Challenge to Conviction and Sentence in 11-cr-57

Petitioner alleges that the criminal charge on which he was convicted in 11-cr-57 "is a false one ab initio," (Petition, p. 9), and that the indictment in that case "accuses of him of innocent conduct, and he pled guilty to innocent conduct." (Petition, pp. 9 and 14.) He further contends that his "conviction is unsupported and constitutes a miscarriage of justice." (Id., p. 8.) Petitioner seeks a judgment that would provide relief from "Defendants' failure to correct unlawful prosecution and imprisonment of the Plaintiff." (Id., p. 4.) Thus, it is readily apparent that Petitioner believes his conviction and sentence in 11-cr-57 are not legally valid and should be vacated.

As a general rule, however, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because, when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

Petitioner's current challenges to his conviction and sentence in 11-cr-57 are clearly barred by § 2255's exclusive remedy rule unless the savings clause applies. Petitioner has made no effort, however, to show that the savings clause could properly be applied in this case and the Court finds that, in fact, the savings clause is not applicable here. Indeed, the record in 11-cr-57 shows that Petitioner has not even attempted to challenge his conviction and sentence in a § 2255 motion. He certainly has not shown that the remedy provided by § 2255 is necessarily "inadequate or ineffective" for resolving his current legal challenges to his conviction and sentence in 11-cr-57.

Because the § 2255 savings clause is not applicable here, Petitioner cannot challenge the legality of his conviction and sentence in 11-cr-57 in the present § 2241 habeas corpus proceeding. The Court will therefore recommend that those challenges be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.").[3]

### B. Petitioner's Application for Declaratory Judgment

The Court recognizes that Petitioner is not only challenging his conviction and sentence in 11-cr-57, but he is also seeking injunctive relief and a declaratory judgment, which would confirm that he has a legal right to engage in future conduct similar to the

---

[3] If Petitioner were challenging only the manner in which his sentence is being interpreted, enforced or executed by the Bureau of Prisons ("BOP"), he could properly seek relief in a section 2241 habeas corpus action. Petitioner obviously understands what type of claim can properly be brought under § 2241 because he has properly challenged the BOP's execution of his sentence in another § 2241 habeas corpus petition that he filed in this District several months ago – Myrland v. United States, Civil No. 12-2909 (PJS/TNL). In that case, Petitioner is not challenging the validity of the sentence imposed in 11-cr-57; he is challenging the BOP's execution of that sentence. But the present case is different. In this case, Petitioner is not just challenging the BOP's execution of an accepted sentence, but rather he is challenging the ultimate legality of the conviction and sentence itself. That challenge cannot be brought in a § 2241 petition. As explained by our Court of Appeals, "[a] petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." Methane v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

conduct that caused him to be prosecuted and convicted in 11-cr-57.[4]  Petitioner alleges that "Defendants lie in wait to prosecute him, or to revoke his probation, for speaking in interstate commerce of sharing information or of making the citizen's arrest of a felon." (Petition, p. 14.)  He is asking the Court to restore his "right to free speech and to due process" and protect him from "being prosecuted again for speaking of sharing the public record with others."  (Petition, p. 2.)  Petitioner cites the Administrative Procedures Act, (APA), the First and Fifth Amendments to the Constitution, and other federal laws to support his claim for prospective protection against potential future parole violations and criminal prosecutions.[5]

Petitioner's request for prospective relief under the APA and other federal laws, however, cannot be brought in a habeas corpus petition.  A prisoner can seek relief under the federal habeas corpus statutes only if he is directly challenging the fact or duration of

---

[4] A federal prisoner (such as Petitioner) cannot directly challenge the validity of his federal criminal conviction by bringing a declaratory judgment action. "[T]he Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 'does not provide a means whereby previous judgments by . . . federal courts may be reexamined, nor is it a substitute for . . . post conviction remedies'." Hugely v. Rios, No. C.V.–10–336–D, 2010 WL 2610664, at *4 (W.D.Okla. May 19, 2010) (quoting Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir.1966) (per curiam)); see also Gajewski v. United States, 368 F.2d 533, 534 (8th Cir.1966) ("[W]e are unaware of any authority which would permit the federal declaratory judgment statute, 28 U.S.C.A § 2201 . . . to be used as a post-conviction remedy."), cert. denied, 386 U.S. 913 (1967); United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) ("[T]he Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence . . . . "); Abdel–Whab v. United States, 175 Fed.Appx. 528 (3rd Cir. 2006) (unpublished opinion) ("[T]he Declaratory Judgment Act cannot operate as a substitute or alternative remedial basis to 28 U.S.C. § 2255.").

[5] Petitioner is apparently seeking carte blanche protection from federal criminal prosecution if he tells someone that he or she might be forcibly apprehended by a band of heavily armed citizens based solely on Petitioner's personal determination that the person has committed a felony. Petitioner cites no legal authority to support that such relief would be available under the APA or otherwise.

his current confinement.  When a federal prisoner's "claims do not challenge the fact or duration of his confinement, they may not be brought in a habeas petition, and his petition for a writ of habeas corpus must be dismissed."  Taylor v. Roal, Civil No. 10-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D.Minn. Nov. 5, 2010); see also Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[w]here petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ").

If Petitioner believes that he can persuade a federal court to grant him the prospective relief that he is seeking in this matter, (see n. 6 supra), he will have to present his claims in a civil complaint – not a habeas corpus petition.  Furthermore, he will have to pay the $350.00 filing fee for a non-habeas civil action.  He cannot evade that fee obligation by erroneously calling his pleading a habeas corpus petition.

Finally, even if Petitioner were to apply for leave to proceed in forma pauperis ("IFP") rather than paying the full $350.00 filing fee in advance, he still would have to pay the full fee in installments.  28 U.S.C. § 1915(b); see also Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [Prison Litigation Reform] Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").  A prisoner IFP applicant cannot be excused from paying the $350.00 filing fee by simply calling his pleading a habeas corpus petition; if that were the case, any prisoner could submit his non-habeas claims in a habeas petition and pay only a $5.00 filing fee.  The $350.00 filing fee prescribed by Congress for non-habeas civil actions cannot be so easily circumvented.

Petitioner's collateral challenge to the validity of his conviction and sentence in 11-cr-57 must be presented to the trial court in a motion brought under 28 U.S.C. § 2255. This Court lacks jurisdiction over any such challenge presented in the current § 2241 habeas corpus petition. Any claims for any other relief that Petitioner may be attempting to bring in this action will have to be presented in a non-habeas civil complaint. The Court also lacks jurisdiction over any such additional claims in the current § 2241 habeas corpus proceeding.

[Continued on next page.]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be summarily **DISMISSED** for lack of jurisdiction.

Dated: April  12  , 2013

                                                  *s/ Tony N. Leung*
                                                  TONY N. LEUNG
                                                  United States Magistrate Judge

                                                  *Myrland v. United States*
                                                  File No. 13-cv-644 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 15, 2013**.